UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
07-CV-1368(JMR/FLN)

Michelle Miller            )
                           )
     v.                    )         ORDER
                           )
Independent School District )
No. 196 and David Schmitz  )


Plaintiff, Michelle Miller, claims defendants, Independent School District No. 196 and David Schmitz, wrongfully terminated her employment, in violation of her Fourteenth Amendment rights to equal protection and substantive due process. She further claims the School District is liable for breach of contract, and Mr. Schmitz is liable for tortious interference with contractual relations.

Defendants move for dismissal for lack of subject matter jurisdiction, or, in the alternative, for summary judgment. Defendants' motions are granted.

I. Background[1]

Independent School District No. 196 serves Apple Valley, Eagan, and Rosemount, Minnesota. Plaintiff worked as a campus security specialist at the School District's Area Learning Center ("ALC").

---

[1] All disputed facts are construed in the light most favorable to plaintiff, the non-moving party. Hughes v. Strottlemyre, 454 F.3d 791, 793 (8th Cir. 2006). The facts as stated in this Opinion are based solely upon the pleadings, and are not binding factual determinations.

The ALC serves at-risk high school students who have experienced behavioral problems in mainstream schools. The ALC was housed in a privately-owned office building and, under the lease agreement, the School District was required to employ a campus security specialist to monitor students.

David Schmitz is the ALC coordinator, a position analogous to a school principal. In that capacity, he interviewed plaintiff for the campus security specialist position. The campus security specialist is a non-licensed position which is not covered by the teachers' collective bargaining agreement. After the interview, he recommended the school board hire plaintiff. His recommendation was adopted; plaintiff was hired, effective November 1, 2004, for the remainder of the school year for a term expiring June 9, 2005. David Schmitz directly supervised plaintiff.

As the campus security specialist, plaintiff was to monitor the building's first floor and adjacent parking lot. She was required to observe students as they entered and exited the school and report any misconduct. If students got into a fight, she was not to intervene. Instead, she carried a walkie-talkie to alert other school personnel, including Schmitz, so others could intervene.

Defendants have produced evidence showing instances where plaintiff performed poorly in this position. While these performance issues were not contemporaneously documented, Schmitz testified to multiple instances when plaintiff failed to meet

expectations. These incidents particularly dealt with plaintiff's failure to interact with and appropriately monitor student activity. On separate occasions, both Schmitz and District Superintendent John Currie observed plaintiff yelling at students. According to defendants, her behavior exacerbated already tense situations, causing them to escalate. Defendants claim plaintiff failed to learn students' names, a skill required in order to provide accurate misconduct reports. Defendants further claim plaintiff failed to adequately monitor the building, took unauthorized breaks in the second floor lunch room, and left the scene of a student fight before supervisors arrived to intervene. Plaintiff admitted a number of these performance deficits during her deposition. Notably, she admits to failing to learn the students' names and report student misconduct to her supervisor.

On April 4, 2005, Schmitz telephoned plaintiff and notified her she was being terminated. According to plaintiff, "He said, 'Your job is done.' I asked him why. He said he was going to take a different direction in security, and I did not know all the kids' names." (Pl.'s Dep. 36, Sept. 6, 2007.) According to plaintiff, Mr. Schmitz said he had already spoken with his supervisor, Mark Parr, and District Superintendent Currie, and it was a "done deal." (Pl.'s Affidavit 3.)

Under School District policy, Schmitz was authorized, as the ALC coordinator, to recommend employee hirings and discharges to

3

the school board. His decision to terminate plaintiff, effective April 4, 2005, was approved by the board on April 25, 2005. Plaintiff was informed of the school board's termination action by letter dated April 28, 2005. She did not contest her termination before the school board or seek administrative or judicial review of the school board's decision.

More than six months later, in November, 2005, plaintiff learned the school district had hired Schmitz's brother, Allen, to replace her. She then called School District officials, including Superintendent Currie, to inquire about her termination and the circumstances surrounding her replacement.

Plaintiff filed suit against defendants on February 28, 2007. She contends Schmitz fired her to create an opening for his brother, wrongfully engaging in district-approved nepotism. She claims, pursuant to 42 U.S.C. § 1983, defendants violated her constitutionally-protected rights to equal protection of the law and substantive due process when she was terminated. She also asks the Court to exercise supplemental jurisdiction over state law claims for breach of contract by the School District, and tortious interference with contractual relations by Schmitz. Defendants move to dismiss for lack of jurisdiction, or, in the alternative, for summary judgment.

II. <u>Subject Matter Jurisdiction</u>

Defendants deny this Court's subject matter jurisdiction over plaintiff's claims in light of Minnesota law limiting judicial review of a public employee's termination. Under Minnesota law, such claims must be brought before the Minnesota Court of Appeals by writ of certiorari. Public employees seeking judicial review of a termination by an executive body with less than statewide jurisdiction must petition for writ for certiorari before the Minnesota Court of Appeals within 60 days of notice of the termination. <u>Tischer v. Housing and Redevelopment Authority of Cambridge</u>, 693 N.W.2d 426, 428, 429 n.3 (Minn. 2005); <u>see</u> Minn. Stat. § 606.01 (2007). A school board is one such executive body. <u>Dokmo v. Indep. Sch. Dst. No. 11</u>, 459 N.W.2d 671, 674 (Minn. 1990).

Minnesota's rule is based on separation of powers principles between the judicial and executive branches. The principles require that deference be given to an executive body's discretionary decision. <u>Tischer</u>, 693 N.W.2d at 429. Absent statutory authority to the contrary, certiorari is the exclusive remedy for judicial review of a wrongful termination. <u>Willis v. County of Sherburne</u>, 555 N.W.2d 277, 282 (Minn. 1996); <u>Dietz v. Dodge County</u>, 487 N.W.2d 237, 239 (Minn. 1992). This rule applies to any relief which falls under the "umbrella of a wrongful employment termination claim," <u>Tischer</u>, 693 N.W.2d at 432, including claims for breach of contract or tortious interference. <u>See</u> <u>id.</u>; <u>Grundtner v. Univ. of</u>

Minnesota, 730 N.W.2d 323, 333 (Minn. Ct. App. 2007).  A federal court presented with a state law claim by reason of supplemental jurisdiction is bound by this jurisdictional bar.  See Larson v. City of Fergus Falls, 229 F.3d 692, 695 (8th Cir. 2000).

In this case, plaintiff's state claims for breach of contract and tortious inference, brought as supplemental claims pursuant to 28 U.S.C. § 1367, are actually challenges to the School District's termination of her employment.  Were the Court to hear these claims, it would necessarily scrutinize the School District's discretionary decision.  Such review is only available by certiorari under Minnesota law.  See Grundtner, 730 N.W.2d at 333.  Accordingly, this Court lacks jurisdiction over these claims.  See Larson, 229 F.3d at 695.

The Court reaches a contrary conclusion regarding plaintiff's claims for violations of equal protection and substantive due process brought pursuant to 42 U.S.C. § 1983.  As to these claims, the Court has original jurisdiction.  Charchenko v. City of Stillwater, 47 F.3d 981, 984 (8th Cir. 1995).  State law cannot restrict a federal court's original jurisdiction to hear a federal claim.  Id. (quoting Loudermill v. Cleveland Bd. of Educ. 721 F.2d 550, 559 (6th Cir. 1983) ("The choice of whether to proceed in a state or federal forum, however, necessarily belongs to the plaintiffs and they cannot be deprived of it by a state rule which gives preclusive effect to unappealed state administrative

decisions.")). It is true that, under the Rooker-Feldman doctrine, a federal court may lack jurisdiction to hear a federal claim when the relief sought in the federal forum would effectively reverse or void a state court ruling. See Bechthold v. City of Rosemount, 104 F.3d 1062, 1065-66 (8th Cir. 1997); Charchenko, 47 F.3d at 983; see generally District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). But plaintiff did not seek relief in state court. In fact, she did not even seek administrative review of the school board's decision to terminate her. Here, there is no state court judgment which might restrict this Court's jurisdiction over plaintiff's § 1983 claims. Accordingly, the Court finds it has jurisdiction to hear plaintiff's federal claims.

III. Summary Judgment on Federal Claims

The Court turns to defendants' motion for summary judgment. Defendants contend plaintiff has failed to establish facts necessary to support her claims, and they are entitled to judgment as a matter of law. The Court agrees.

A. Summary Judgment Standard

Summary judgment is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The party opposing summary judgment may not rest

upon the allegations set forth in its pleadings, but must produce significant probative evidence demonstrating a genuine issue for trial. See Anderson, 477 U.S. at 250; see also Hartnagel v. Norman, 953 F.2d 394, 395-96 (8th Cir. 1992).

B. Equal Protection

According to plaintiff, Schmitz violated her right to equal protection when he allegedly terminated her employment to create an opening for his brother. The purpose of the Fourteenth Amendment's equal protection clause "is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (quotations omitted).

Plaintiff does not base her claim on any protected status such as gender or race. Instead, her claim is based on the so-called "class of one" equal protection theory, which is analyzed under the rational basis test. Willowbrook, 528 U.S. at 564. Under this test, plaintiff must show a state actor treated her differently from others similarly situated, and an absence of any rational basis for the difference in treatment. Id. The parties both argue whether there was a rational basis for the School District's decision to hire Allen Schmitz after plaintiff's firing. But plaintiff's claim is premised on the School District's decision to terminate her, not its decision to hire Allen Schmitz. If there was a valid reason to terminate her employment, she has no basis to complain of her

8

successor's identity.  Accordingly, the Court must focus on (1) whether plaintiff herself was treated differently from similarly situated persons; and (2) whether the School District had a rational basis for her termination.  Id.

In order to survive a motion for summary judgment on such a claim, plaintiff must produce evidence showing she was treated differently from others similarly situated, and show lack of a rational basis for the decision to end her employment.  She bears the burden of producing evidence necessitating a trial on the merits.  Celotex, 477 U.S. at 322.  Plaintiff has not done so.

Plaintiff has failed to produce any evidence showing she was treated differently from any similarly situated person.  King v. Hardesty, 06-CV-4163, 2008 WL 539238, at *10 (8th Cir. Feb. 29, 2008) (emphasizing a plaintiff's burden to show she was disciplined differently than other similarly situated employees).  There is nothing in the record showing the School District treated similarly situated persons differently; there is simply no comparator.  Plaintiff's equal protection claim fails on this basis alone.  See id.; Creason v. City of Washington, 435 F.3d 820, 823-24 (8th Cir. 2006).  Plaintiff cannot simply claim she was treated unfairly; fairness is not constitutionally protected.

Furthermore, plaintiff has failed to show the School District was without a rational basis for its treatment of plaintiff.  Once again, plaintiff has the burden, under rational basis review, to

negate "any reasonably conceivable state of facts that could provide a rational basis for the [dissimilar treatment]." Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 367 (2001).  Even after construing the facts in the light most favorable to plaintiff, the Court finds the record establishes plaintiff had job performance problems.

Plaintiff admits in her deposition testimony that Schmitz told her she was being terminated for poor job performance.  According to plaintiff, Schmitz told her "he was going to take a different direction in security, and I did not know all the kids' names." (Pl.'s Dep. 36.)  She acknowledges she had been told to learn the students' names and failed to do so.  (Id. at 37-40, 53.) Defendants have produced unrebutted evidence showing plaintiff was told that, if a conflict arose between students, she was to stay at - and monitor - the situation, and use her walkie-talkie to call for assistance.  Plaintiff admits that, rather than radioing for help, she sometimes left the scene to find a supervisor to intervene in the fight.  (Id. at 24, 52-54.)  She also admits she failed at times to report student misconduct to supervisors, as she was required to do.  (Id. at 25-26.)  Lacking knowledge of the students' names, she failed to fulfill her duty to advise staff of the names of offending students.  (Id. at 52-54.)  An at-will employee may certainly be terminated for performance problems.  See Somers v. City of

Minneapolis, 245 F.3d 782, 785 (8th Cir. 2001); Reierson v. City of Hibbing, 628 N.W.2d 201, 204 (Minn. Ct. App. 2001).

There were real, substantiated, and plaintiff-acknowledged reasons which fully support the School District's decision to end her employment. Under these circumstances - where the School District was fully entitled to fire plaintiff – any secondary intention to substitute Schmitz's brother is irrelevant.[2] Given the performance problems plaintiff herself admits, the Court finds a reasonably conceivable rational basis existed for the School District to terminate her. Her equal protection claim fails.

C. Substantive Due Process

Plaintiff's substantive due process claim is equally unsupported. She claims a substantive due process deprivation based on a claimed property interest in her employment.[3] The Fourteenth Amendment's substantive due process clause "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." Ganley v. Minneapolis Park and Recreation Bd., 491 F.3d 743, 749 (8th Cir. 2007) (quotations omitted). To establish a substantive due process

---

[2] While the Court need not decide whether Schmitz, indeed, fired plaintiff to hire his brother, it is fair to state that the evidence in support of this contention is scant.

[3] Plaintiff's complaint claims a substantive due process deprivation. Her brief in response to this summary judgment motion discusses procedural due process law, but, at oral argument, her attorney agreed she has made no claim for violation of procedural due process rights.

violation, plaintiff must show she "possessed a right arising under the Fourteenth Amendment," id., and the School District deprived her of that right through action that "is truly irrational, that is something more than . . . arbitrary, capricious, or in violation of state law." Id. (quotations omitted).

Even assuming plaintiff had a property interest in her employment protected by substantive due process - a highly problematic assumption - she has failed to show her termination was truly irrational. Indeed, as the Court has already found, plaintiff's admissions establish the School District's rational basis for its action in terminating her. Thus, its decision to end her employment was "not so arbitrary or conscience-shocking as to violate due process." Id. (quotations omitted). As the Eighth Circuit Court of Appeals recently emphasized, "employment-discrimination laws have not vested in the federal courts the authority to sit as super-personnel departments reviewing the wisdom or fairness of the business judgments made by employers, except to the extent that those judgments involve intentional discrimination." King, 2008 WL 539238, at *10. The Court finds plaintiff has failed to establish facts to support her substantive due process claim, and it must be dismissed.

Because the Court finds plaintiff's equal protection and substantive due process claims fail as a matter of law, it is unnecessary to examine other defenses raised by defendants.

IV.  Conclusion

For the foregoing reasons, IT IS ORDERED that defendants' motion to dismiss, or in the alternative, for summary judgment [Docket No. 14] is granted, and plaintiff's complaint is dismissed with prejudice.

Dated:  March 28th, 2008

s/ James M. Rosenbaum
JAMES M. ROSENBAUM
United States Chief District Judge
